UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DARRYL DEBOUE,

                            Plaintiff,

          -against-

Police Officer EDWIN FERREIRA, Shield No. 29509; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Darryl Deboue ("plaintiff" or "Mr. Deboue") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Edwin Ferreira, Shield No. 29509 ("Ferreira"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ferreira is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 7:15 a.m. on November 15, 2012, plaintiff was lawfully present inside of 1483 Saint John's Place, Apartment 2C in Brooklyn, New York.

12. The apartment belongs to Mr. Deboue's girlfriend.

13. Mr. Deboue stays there occasionally but does not live there.

14. The defendants entered the home under the guise of an alleged search warrant and searched it, finding nothing illegal.

15. Inside of a locked safe, Mr. Deboue's girlfriend kept a gun that she had purchased legally out of state.

16. At their request, Mr. Deboue's girlfriend unlocked the safe for the defendants while truthfully explaining that the gun belonged to her and offering to provide proof of her purchase.

17. Even though they knew that Mr. Deboue was not in constructive or actual possession of the weapon, the defendants arrested him for gun possession and took him to a police precinct.

18. At the precinct, Mr. Deboue's girlfriend wrote a statement regarding her ownership of the gun.

19. Nevertheless, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed *plaintiff* in possession of the weapon and prepared police paperwork, including an arrest report, to that effect.

20. As a result of the defendants' fabrications, plaintiff was ultimately charged with a felony.

21. Mr. Deboue was strip searched and held in the precinct until approximately midnight, when he was taken to Central Booking.

22. At approximately 8:00 p.m. on November 16, 2012, plaintiff was arraigned on felony charges and bail was imposed.

23. Unable to afford the bail, Mr. Deboue was held on Rikers Island for approximately five days.

24. After he was compelled to appear repeatedly in court, all criminal charges against Mr. Deboue were ultimately dismissed on or about May 31, 2013.

25. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM CLAIM
### Malicious Prosecution

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

31.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

32.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The individual defendants created false evidence against plaintiff.

35. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

36. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   June 24, 2013
         New York, New York

                                              HARVIS WRIGHT
                                              SALEEM & FETT LLP

                                              _____
                                              Gabriel Harvis
                                              305 Broadway, 14th Floor
                                              New York, New York 10007
                                              (212) 323-6880
                                              gharvis@hwsflegal.com

                                              *Attorney for plaintiff*